UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

RICHARD PIERCE,

        Petitioner,

  -v-

SUPERINTENDENT JAMES A. MANCE,

        Respondent.

-------------------------------------------------------x



No. 08 Civ. 4736 (LTS)(KNF)

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner Richard Pierce ("Petitioner") has filed, pro se, a timely Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction in Supreme Court, New York County, on one count of Second Degree Attempted Burglary. (Docket entry no. 2.) The case was assigned to the undersigned and referred to Magistrate Judge Nathaniel Kevin Fox. The Respondent submitted an opposition to the Petition, (docket entry no. 8). Judge Fox issued a Report and Recommendation, dated February 20, 2009 (the "Initial Report"), which recommends that the Petition should be denied. (Docket entry no. 10.) Petitioner timely filed objections to the Initial Report (docket entry no. 13) in which he asserted numerous grounds for relief that were not presented in the Petition. The Court referred this matter back to Judge Fox for the purpose of issuing a supplemental Report and Recommendation as to how Petitioner's additional claims should be addressed. (Docket entry no. 16.) Judge Fox issued a Supplemental Report and Recommendation, dated June 22, 2009

Copies mailed/faxed to  Mr Pierce
Chambers of Judge Swain  4-11-2011

(the "Supplemental Report"), which recommends that the Petition also be denied insofar as it is based on the newly asserted claims for relief. (Docket entry no. 17). Neither party as filed objections to the Supplemental Report. For the following reasons, the Court adopts the Initial Report and the Supplemental Report.

DISCUSSION

When reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(C) (West 2008). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Service, Inc., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (internal citations and quotation marks omitted). Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The Court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir.1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl., No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992). Similarly, "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review." Vega v. Artuz, No. 97 Civ. 3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002).

Objections to a Report must be specific and clearly aimed at particular findings in the magistrate judge's proposal. Camardo, 806 F. Supp. at 381-82.

Petitioner's objections, to the extent they relate to grounds originally asserted in the Petition, merely reiterate the arguments originally made in the Petition, and therefore subject the Initial Report to clear error review. Similarly, the Court reviews the Supplemental Report, to which no objections were filed, for clear error. Having thoroughly reviewed the Petition, the Respondent's opposition submission, the Initial Report, Petitioner's objections to the Initial Report, and the Supplemental Report, the Court is satisfied that the Initial Report and the Supplemental Report contain no clear error. Accordingly, the Court adopts the Initial Report and the Supplemental Report in their entirety.

## CONCLUSION

The Petition is hereby denied and the Petitioner is denied a certificate of appealability because he has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962). The Clerk of Court is hereby requested to enter judgment accordingly and close this case.

SO ORDERED.

Dated: New York, New York
April 11, 2011

LAURA TAYLOR SWAIN
United States District Judge